Mr. Justice Doris did not participate. *Stephen A. Lichatin III*, Assistant Attorney General, for plaintiff-respondent. *John F. Cicilline*, for defendant-petitioner.

M. P. No. 79-454.  WALTER J. PULAWSKI *v.* PATRICIA C. PULAWSKI. The petition for writ of certiorari and application for stay are denied.

Mr. Justice Doris did not participate. *William Y. Chaika*, for petitioner. *Joseph E. Marran, Jr.*, for respondent.

M. P. No. 79-477.  STATE OF RHODE ISLAND *v.* FREDERICK B. PORTER *et al.* The petition for writ of certiorari is denied.

Mr. Justice Doris did not participate. *Dennis J. Roberts II*, Attorney General, for plaintiff-respondent. *Ira L. Schreiber, Sharp, Randolph & Green, A. Raymond Randolph, Jr.*, v. *Thomas Lankford, Jr.*, for defendant-petitioner Frederick B. Porter.

C. A. No. 79-237. STATE *v.* GARY DOYLE. The defendant's petition for a writ of habeas corpus is denied.

Mr. Justice Doris did not participate. *Dennis J. Roberts II*, Attorney General, *Thomas H. Caruolo*, Special Assistant Attorney General, for plaintiff. *Robert B. Mann*, for defendant.

APPEAL No. 78-338.  ORLANDO D. CAPALBO *et ux. v.* ROBERT E. BRUNELLE *et ux.* This is an automobile negligence action which arises out of an intersectional collision. Traffic along the highway upon which the Brunelle vehicle was proceeding was controlled by a stop sign that required the Brunelle vehicle to come to a full stop before it entered the intersection. The vehicle failed to come to the requisite halt.

On November 9, 1979, the defendants, through counsel, appeared before us in response to our order to show cause why their appeal from a grant by a Superior Court justice of the plaintiffs' motion for a new trial should not be dismissed. The trial justice's ruling was based upon his finding that the jury's award was "grossly inadequate" and its determination